The STATE of Ohio, Appellee,

v.

CONNOR, Appellant.

[Cite as *State v. Connor* (1992), 81 Ohio App.3d 829.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005234.

Decided July 22, 1992.

Certiorari Denied June 1, 1993. See 113 S.Ct. 2454.

Gregory A. White, Prosecuting Attorney, for appellee.

Kreig J. Brusnahan, for appellant.

CACIOPPO, Judge.

On February 7, 1991, Officer Shuster of the Lorain Police Department had a warrant for the arrest of William Connor. Shuster went to 1329 Lakeview to arrest William Connor. The officer identified William Connor's car in the driveway. Shuster knocked on the door, but nobody answered. Appellant-defendant, Christine M. Connor ("Connor"), observed Shuster from her doorway at 1331 Lakeview. The two residences were separate units in a duplex.

Officer Shuster approached Connor and indicated that he had an arrest warrant for William Connor. Shuster asked Connor if she knew of her brother William Connor's whereabouts. Appellant replied that William no longer lived at 1329 or 1331 Lakeview. She suggested that Shuster check at her mother's house because William had moved there about two months earlier. Shuster continued to inquire about William's whereabouts. Connor finally allowed Shuster to search her residence, which revealed no additional information.

Shuster then left the duplex, driving several houses down the street, and set up surveillance of the duplex. About fifteen minutes later, a car pulled into the duplex's driveway. Connor ran out to the car, talked briefly with the driver, looked up and down the street, and then looked directly into the duplex. William then ran from the duplex, got into the car, and the car sped away. Shuster followed the car, but eventually lost sight of it.

Shuster returned to the duplex. Connor told Shuster that her brother William had run from the duplex to the car. Shuster informed Connor that she would be charged with obstructing official business. Connor was charged with obstructing justice in violation of R.C. 2921.32. Pursuant to R.C. 2921.32(B), Connor was charged with a fourth degree felony because William was wanted for committing a felony. Following a trial to the court, Connor was convicted. Connor appeals, asserting two assignments of error. We affirm.

## Assignment of Error I

"Whether the appellant was convicted with evidence that was insufficient as a matter of law, thereby violating her due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution."

Appellant asserts in her first assignment of error that the state failed to present sufficient evidence to convict her of violating R.C. 2921.32. We do not agree.

The Supreme Court of Ohio recently set out the standard we must follow in a case such as this:

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (*Jackson v. Virginia* [1979], 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

"It is not the function of an appellate court to substitute its judgment for that of the factfinder." *Id.* at 279, 574 N.E.2d at 507.

 Appellant was charged with violating R.C. 2921.32(A)(1), which states:

"(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

"(1) Harbor or conceal such other person[.]"

"Purpose" is defined by R.C. 2901.22(A) as a specific intention to bring about a certain result. Therefore, a guilty defendant must act with the specific intent to hinder the discovery or apprehension of the person concealed or harbored. Harboring requires an overt act which does, in fact, hinder the discovery or apprehension of the person sought by the police. *State v. Young* (1966), 7 Ohio App.2d 194, 200, 36 O.O.2d 335, 338, 220 N.E.2d 146, 150. The overt act must be done with the specific intent to shield the person from discovery or apprehension. *Id.* Verbal statements intended to deceive a police officer so as to impede or delay discovery of the fugitive is harboring "just as surely as if he had concealed him physically." *State v. Hough* (1976), 48 Ohio App.2d 304, 310, 2 O.O.3d 282, 285, 357 N.E.2d 412, 416.

 In the case at bar, sufficient evidence was presented to prove beyond a reasonable doubt that Connor specifically intended to harbor or conceal William in order to delay his discovery or apprehension. Viewing the evidence in a light most favorable to the prosecution, Connor knew that Shuster was at the duplex to arrest her brother. Connor deceived the officer by telling him that William had moved away two months earlier and that she had not seen William in some time. William testified that he still lived in the duplex and saw Connor almost every day. After Shuster left, the evidence reflects that

Connor acted as a lookout, signaling William that he could run from the duplex to the waiting car.

The evidence, viewed in a light most favorable to the prosecution, proves that Connor violated R.C. 2921.32(A)(1). Therefore, the first assignment of error is not well taken.

## Assignment of Error II

"Whether the appellant was improperly convicted of a felony offense of obstructing justice when Ohio Revised Code Section 2921.32(B) defines this offense as a misdemeanor."

■ Appellant asserts in her second assignment of error that she was improperly charged with and convicted of a felony instead of a misdemeanor. R.C. 2921.32(B) states:

"(B) Whoever violates this section is guilty of obstructing justice, a misdemeanor of the first degree. If the crime committed by the person aided is a felony, obstructing justice is a felony of the fourth degree."

The warrant for William's arrest charged him with a felony count of receiving stolen property. William testified that he pleaded guilty to a misdemeanor charge of receiving stolen property. Appellant asserts that because William was convicted of committing a misdemeanor offense, she should also be convicted of a misdemeanor offense. We do not agree.

R.C. 2921.32(B) states that obstructing justice is a felony when the crime committed by the person aided is a felony. In the case at bar, the crime committed by William was receiving stolen property. As this court has stated, R.C. 2921.32(B) "makes it clear that the sentence imposed upon conviction on an obstructing charge is determined according to the crime committed by the person aided. * * * [T]he state is not required to prove that [the person aided] in fact committed the crime. *State v. Hearns* (Aug. 24, 1983), Summit App. Nos. 11012 and 11094, unreported, 1983 WL 7399. It is sufficient that the crime with which [the person aided] would have been charged was a felony." *State v. Hearns* (Dec. 11, 1985), Summit App. No. 12197, unreported, at 3, 1985 WL 4379.

In the case at bar, the state introduced evidence that William was wanted for a felony charge of receiving stolen property. Pursuant to *Hearns*, this evidence is sufficient to allow appellant to be convicted for a felony charge of obstructing justice under R.C. 2921.32(B).

834

The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.